IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANITA PURYEAR      :

      :

  v.      :  Civil Action No. DKC 14-961

      :

VICKY CRONE, et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for review in this discrimination case is the motion to dismiss filed by Defendants Vicky Crone, Tina Shrader, and Thomas J. Vilsack, Secretary, the United States Department of Agriculture ("USDA"). (ECF No. 6). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

Plaintiff was a library technician at the USDA's National Agricultural Library in Beltsville, Maryland. She is proceeding *pro se* and appears to be claiming that her supervisors subjected her to harassment on the basis of disability over a period of months, although the complaint is far from a model of clarity.

Plaintiff filed this case in the United States District Court for the District of Columbia on June 28, 2013, along with a motion to proceed *in forma pauperis*, which was granted.

Defendants moved to dismiss Defendants Crone and Shrader and transfer venue to this court. Plaintiff was sent a letter informing her of the consequences of failing to respond to a dispositive motion. (ECF No. 7). Plaintiff did not file a response. The court granted the motion to transfer on March 5, 2014, and transferred the case to this court. A letter has been mailed to Plaintiff informing her of the transfer. Plaintiff has still not filed any response to Defendant's motion.

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266,

268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), however, as she is proceeding *in forma pauperis*, the court is required to dismiss any case that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. Analysis**

Defendants' first argument is that Defendants Crone and Shrader should be dismissed as improper defendants because they are merely Plaintiff's supervisors. Plaintiff's claims fall under the Rehabilitation Act, which uses Title VII's standards of liability. 28 U.S.C. § 794(d). Under Title VII, the only proper defendant is "the head of the department, agency or

3

unit," and individual supervisors are not proper defendants. 42 U.S.C. § 2000e-16(c); *Lissau v. S. Food. Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). Consequently, Defendants Crone and Shrader will be dismissed.

Defendants' next argument is that Plaintiff's claims are barred by the doctrine of *res judicata* to the extent the claims stem from her 2008 administrative claim which Judge Messitte previously ruled were untimely. *See Puryear v. Shrader*, No. PJM 11-3640, 2013 WL 1833262 (D.Md. Apr. 30, 2013). For a prior judgment to bar an action on the basis of *res judicata*, the parties in the two actions must be either identical or in privity; the claim in the second action must be based upon the same cause of action involved in the earlier proceeding; and the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process. *See Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003). Judge Messitte's 2013 decision was a final decision on the merits involving the same parties. To the extent Plaintiff's claims in this case stem from the same cause of action, they are barred by *res judicata*, but owing to the lack of clarity in Plaintiff's complaint, it is impossible to tell which claims correspond to which administrative actions.

In addition to denying Plaintiff's claims stemming from the 2008 administrative claim as untimely, Judge Messitte also

4

dismissed Plaintiff's claims stemming from a 2009 administrative claim because she had failed to exhaust her administrative remedies: Plaintiff filed her complaint in district court while her administrative appeal was pending.

As best as one can discern, Plaintiff now is bringing those 2009 claims to court. She has attached to her complaint the EEOC's May 10, 2013 decision on her appeal of the 2009 claims. According to the EEOC's decision, Plaintiff alleged that she was subjected to discrimination based on disability when she was removed from USDA's leave donor program, and discriminated against on the bases of disability and reprisal when she was issued a letter of reprimand. (ECF No. 1, at 13). While these claims have now been administratively exhausted, Plaintiff's complaint – to the extent that she is claiming discrimination stemming from one or both of these events – is deficient and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). She has completely failed to allege facts to support such claims. To the extent Plaintiff's claims of discrimination stem from other events, she presents no evidence that her claims are timely and have been exhausted administratively.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge